IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGINA SHANTELL THOMAS,<br><br>                  Plaintiff,<br><br>     vs.<br><br>BURLINGTON NORTHERN SANTA FE<br>CORPORATION, et al.,<br><br>                  Defendant. | No. CV-F-05-1444 REC/DLB<br><br>ORDER DIRECTING PARTIES TO<br>PREPARE TO DISCUSS CERTAIN<br>ISSUES AT ORAL ARGUMENT. |

On February 8, 2006, Defendant State of California Department of Transportation (the "State") filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon Which Relief Can Be Granted, or in the Alternative, Motion for Summary Judgment (the "Motion"). On February 24, 2006, Plaintiff opposed the Motion, arguing, among other things, that the Court should remand only the claims against the State on the basis of Eleventh Amendment immunity.

In light of the briefs the parties have submitted and its

1

preliminary research, the Court directs the parties to be prepared to discuss the following issues at oral argument on Monday, March 20, 2006:

    1.   Whether the Court may, using its power to remand under 28 U.S.C. section 1447(c), remand to state court claims against the State while retaining claims against other parties.

    2.   Whether the State's invocation of its Eleventh Amendment immunity should be construed as a motion to remand by a party not served at the time of removal under 28 U.S.C. section 1448.

    3.   Whether the State's failure to move to remand under 28 U.S.C. section 1448, its arguments against remand and in favor of federal jurisdiction in its Reply brief (Reply 2:19-21), and its request for dismissal on the merits constitute a waiver of its Eleventh Amendment immunity.  Cf. Embury v. King, 361 F.3d 562, 564 (9th Cir. 2004) ("Allowing a State to waive immunity to remove a case to federal court, then 'unwaive' it to assert that the federal court could not act, would create a new definition of chutzpah.  We decline to give the State such unlimited leeway, and instead hold to a straightforward, easy-to-administer rule in accord with Lapides:  Removal waives Eleventh Amendment immunity." (footnotes omitted)); see Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 622, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (holding that waiver of Eleventh Amendment immunity turns on whether the State has "voluntarily invoked the jurisdiction of the federal court, . . .").

2

IT IS SO ORDERED.

**Dated:   March 15, 2006**                               **/s/ Robert E. Coyle**
810ha4                                                             UNITED STATES DISTRICT JUDGE