IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGINA SHANTELL THOMAS, | ) | No. CV-F-05-1444 REC DLB |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING STATE OF |
| | ) | CALIFORNIA, DEPARTMENT OF |
| vs. | ) | TRANSPORTATION'S MOTION TO |
| | ) | DISMISS FOR LACK OF SUBJECT |
| BURLINGTON NORTHERN SANTA FE | ) | MATTER JURISDICTION AND |
| CORPORATION, et al., | ) | FAILURE TO STATE A CLAIM UPON |
| | ) | WHICH RELIEF CAN BE GRANTED, |
| Defendants. | ) | (2) REMANDING ALL CLAIMS |
| | ) | AGAINST STATE OF CALIFORNIA, |
| | ) | DEPARTMENT OF TRANSPORTATION |
| | | ONLY, (3) AND RETAINING |
| | | JURISDICTION OVER THE |
| | | REMAINING CLAIMS. |

On Monday, March 20, 2006, the Court heard Defendant State of California, Department of Transportation's (the "State") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon Which Relief Can Be Granted (the "Motion"). Upon due consideration of the written and oral arguments of the parties and the record herein, the Court DENIES the Motion and REMANDS all claims against the State, as set forth herein.

**I.    Background**

The facts of the case, as alleged in the Complaint, are as

1

1  follows.   Deondrae Marcquise Mullin ("Decedent") was a student at

2  Fresno City College ("FCC").  On September 2, 2004, at

3  approximately 9:20 a.m., he was walking west on the north

4  sidewalk of Weldon Avenue west of Glenn Avenue.  Weldon Avenue

5  forms the north border of the FCC campus.  Train tracks that

6  traverse the Fresno City College campus cross Weldon Avenue and

7  the sidewalk on which Decedent was walking.  As he crossed the

8  tracks, an Amtrak train struck and killed him.

9      On October 14, 2005, Plaintiff Georgina Shantell Thomas,

10  Decedent's mother, filed her Complaint in Fresno County Superior

11  Court, seeking damages against the State and other defendants.[1]

12  On November 15, 2005, before the State had been served, the

13  defendants who had been served removed the case to this Court.

14  On February 8, 2006, the State filed this Motion, along with

15  supporting declarations and a request for judicial notice.  On

16  February 22, 2006, Plaintiff filed an ex parte motion to continue

17  proceedings on this motion to allow her to conduct further

18  discovery prior to the Court deciding a motion for summary

19  judgment.  On March 1, 2006, the Court denied the continuance

20  based on the State's representations that it was not moving for

21  summary judgment.  On March 3, 2006, Plaintiff filed her

22  Opposition, along with her own supporting declarations.  On March

23

24      [1]The other defendants listed in the Complaint are
Burlington Northern Santa Fe Corporation, Burlington Northern and
Santa Fe Railway Company, BNSF Railway Company, National Railroad
25  Passenger Corporation, Ernest Martinez, Fresno City College,
State Center Community College District, County of Fresno, City
26  Of Fresno, and Clardy Lee Mullin, Jr.

1  13, 2006, the State filed its Reply.

2  **II.   Eleventh Amendment Immunity**

3      The State moves to dismiss on the basis of Eleventh

4  Amendment immunity.  Under the Eleventh Amendment, "[t]he

5  Judicial power of the United States shall not be construed to

6  extend to any suit in law or equity, commenced or prosecuted

7  against one of the United States."  U.S. Const. amend. XI.  As a

8  result, a state enjoys immunity from suit in federal court by

9  citizens of other states and by its own citizens.  Lapides v. Bd.

10 of Regents of Univ. Sys. of Ga., 535 U.S. 613, 616, 122 S. Ct.

11 1640, 152 L. Ed. 2d 806 (2002).

12     Plaintiff does not dispute that Eleventh Amendment immunity

13 bars her claims against the State.  She admits that the State's

14 contention that it is immune "appears to be well taken."  Opp'n

15 2:7-9.  She requests that the Court remand her action against the

16 State to state court, rather than dismissing it.  The reason she

17 prefers remand to dismissal is that the statute of limitations

18 for her claims against the State has run.  Opp'n 4:27-5:2.  The

19 State opposes remand, arguing that it would be futile because

20 Plaintiff cannot state a claim against the State for which relief

21 may be granted.

22     **A.   Waiver of Eleventh Amendment Immunity**

23     Plaintiff contended for the first time at oral argument that

24 the State has waived its Eleventh Amendment immunity.[2]  A State

25

26     [2]At oral argument, Counsel for Defendants City of Fresno,
   Fresno City College, and State Center Community College District

1 may waive its Eleventh Amendment immunity where it voluntary

2 invokes the federal court's jurisdiction through its litigation

3 conduct.  Lapides, 535 U.S. at 620; Embury v. King, 361 F.3d 562,

4 566 (9th Cir. 2004).  For instance, a defendant who removes a

5 case to federal court waives its Eleventh Amendment immunity.

6 Lapides, 535 U.S. at 620; Embury, 361 F.3d at 566.  A defendant

7 may also evince its consent to federal jurisdiction through its

8 litigation conduct once in federal court.  Hill v. Blind Indus.

9 and Servs. of Md., 179 F.3d 754, 759 (9th Cir. 1999) (state

10 defendant who participated in extensive pretrial activities and

11 waited until the first day of trial to assert its Eleventh

12 Amendment argument had waived its immunity); see also Skelton v.

13 Henry, 390 F.3d 614, 618 (8th Cir. 2004) (holding that state's

14 counterclaim and third party claim did not waive Eleventh

15 Amendment immunity by voluntarily invoking the jurisdiction of

16 the federal courts).  Courts also may find a waiver where the

17 state makes a "clear declaration" that it intends to submit

18 itself to federal jurisdiction.  Coll. Sav. Bank v. Fla.

19 Prepaidpostsecondary Ed. Expense Bd., 527 U.S. 666, 676, 119 S.

20 Ct. 2219, 144 L. Ed. 2d 605 (1999).  The purpose of the waiver

21 rule is to avoid the inconsistency and unfairness that would

22 accompany a state's right to invoke immunity at will.  Lapides,

23

24 also contended that a finding of waiver was appropriate.  He cited
in support practical problems that might accompany proceeding with
this case in two separate actions.  Counsel did not cite, and the

25 Court is unaware of, any authority for basing a finding of waiver
of Eleventh Amendment immunity on the practical benefits of

26 maintaining a single lawsuit.

535 U.S. at 623; see generally Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 394-98, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998) (Kennedy, J., concurring).

Plaintiff argues that the state has waived its Eleventh Amendment immunity by asking the Court to dismiss the case on the merits while claiming that the Court lacks jurisdiction. The State in its briefs on this Motion asks the Court not to remand the action and to decide Plaintiff's claims on the merits:

> Therefore, to remand to the state court would be an idle act since it is clear that Plaintiff cannot maintain an action against Defendant State in state court due to lack of ownership, maintenance or control of the site of the incident. . . . Consequently, in the interest of judicial economy, it would seem more logical for the court to exercise its pendent jurisdiction and dismiss this action against Defendant State.

Reply 2:19-21 (citations omitted). This language expresses the State's position that federal jurisdiction is permissible. It also evinces the State's intent to use the federal court to its advantage, that is, by asking the Court to enter judgment in its favor on the merits.

The State's argument that the Court retain the claims and dismiss them on the merits does not evince voluntary invocation of the federal forum from which the Court can imply a waiver of Eleventh Amendment immunity. See Skelton, 390 F.3d at 618. Nor has the State expressly waived its immunity by making a "clear declaration" that it submits to the jurisdiction of a federal court. See Coll. Sav. Bank, 527 U.S. at 676. The State appears

5

1   to have brought its Eleventh Amendment immunity motion at the

2   earliest possible opportunity.  The State was served on December

3   1, 2005.  It participated in the scheduling conference and served

4   its initial disclosures, after giving Plaintiff notice that it

5   would challenge its presence in federal court.  Opp'n 3:25-28.

6   Plaintiff agrees that the State's participation in those

7   activities is not likely to represent a waiver of the State's

8   Eleventh Amendment immunity claim.  Id.  The State requested

9   dismissal under the Eleventh Amendment in its first filing in

10  this case when it filed this Motion on February 8, 2006.

11  Accordingly, the Court finds that the State has not waived its

12  Eleventh Amendment immunity.

13  **B.   Dismissal Versus Remand**

14      Plaintiff asks the Court to remand because dismissal of the

15  claims against State could lead to their being barred by a

16  statute of limitations or by failure to comply with the Tort

17  Claims Act.  At oral argument, the State, citing Loehr v. Ventura

18  County Community College District, 147 Cal. App. 3d 1071 (1983),

19  contended that principles of equitable tolling would allow

20  Plaintiff nevertheless to bring these claims.  The State did not

21  expressly waive its statute of limitations or Tort Claims Act

22  defenses.  Nor did the State provide a reason that dismissal and

23  refiling in state court was superior to simply remanding the

24  claims.

25      The Supreme Court discussed a federal court's decision

26  whether to dismiss or remand a state-law claim in Carnegie-Mellon

1  University v. Cohill, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d

2  720 (1988).  That case concerned a federal court's retention of

3  state-law claims after the dismissal of all federal-law claims

4  that support subject matter jurisdiction.  Id. at 348.  The Court

5  emphasized that, in determining whether to dismiss a state-law

6  claim or remand it, the federal court should consider whether

7  dismissal would cause an unfair result.  See Carnegie-Mellon

8  Univ. v. Cohill, 484 U.S. 343, 351-52 (1988).  Foreclosing state-

9  law claims that a plaintiff has timely brought in state court

10 "may work injustice to the plaintiff."  Id. at 352.  Furthermore,

11 such foreclosure may violate the principle of comity to states

12 because "[t]he preclusion of valid state-law claims initially

13 brought in timely manner in state court undermines the State's

14 interest in enforcing its law."  Id.

15      The Court finds that dismissing the claims against the State

16 risks the disadvantage, albeit perhaps remote, of rendering

17 Plaintiff unable to pursue her claims in state court.  On the

18 other hand the Court is unaware of any advantage to dismissal.

19 Therefore, Plaintiff's claims against the State are remanded to

20 state court.

21 **III. Motion to Dismiss**

22      The State has timely asserted that the "[j]udicial power" of

23 this Court does not extend to Plaintiff's claims against it.  See

24 U.S. Const. amend. XI.  Therefore, the State's Motion to Dismiss

25 is DENIED.

26

1    **ACCORDINGLY:**

2  1.   The State's Motion to Dismiss for Lack of Subject Matter

3       Jurisdiction and Failure to State a Claim upon Which Relief

4       Can Be Granted is DENIED.

5  2.   Plaintiff's claims against the State of California,

6       Department of Transportation are REMANDED to Fresno

7       County Superior Court.

8  3.   The Court retains jurisdiction over the remainder of

9       Plaintiff's claims.

10

11 IT IS SO ORDERED.

12 **Dated:  March 27, 2006**          **/s/ Robert E. Coyle**
   810ha4                        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8