1   Stanley K. Jacobs, Esq., SBN 30363
    Thomas F. Borcher, Esq., SBN 110255
2   JACOBS, JACOBS & EISFELDER, LLP
    11755 Wilshire Boulevard, Suite 2150
3   Los Angeles, California 90025
    Telephone:  (310) 473-9211/(310) 820-4500
4   Fax:  (310) 473-6811/(310) 826-0683

5   Attorneys for Plaintiff
    GEORGINA SHANTELL THOMAS
6

7

8               UNITED STATES DISTRICT COURT

9       EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

10

11  GEORGINA SHANTELL THOMAS,      )   CASE NO. 1:05-CV-01444 OWW DLB
                                   )
12              Plaintiff,         )   Judge:  Oliver W. Wanger
                                   )
13  vs.                            )   EX PARTE APPLICATION FOR ORDER
                                   )   FOR SERVICE OF SUMMONS BY
14  BURLINGTON NORTHERN SANTA      )   PUBLICATION; MEMORANDUM OF
    FE CORPORATION; BURLINGTON     )   POINTS AND AUTHORITIES IN
15  NORTHERN AND SANTA FE          )   SUPPORT THEREOF; DECLARATION OF
    RAILWAY COMPANY; BNSF          )   THOMAS F. BORCHER AND
16  RAILWAY COMPANY; NATIONAL      )   DECLARATION OF HAROLD B.
    RAILROAD PASSENGER             )   THOMAS IN SUPPORT THEREOF;
17  CORPORATION (AMTRAK);          )   ORDER
    ERNEST MARTINEZ; STATE OF      )
18  CALIFORNIA, DEPARTMENT OF      )   TRIAL DATE: August 14, 2007
    TRANSPORTATION, CALTRANS;      )
19  FRESNO CITY COLLEGE; STATE     )
    CENTER COMMUNITY COLLEGE       )
20  DISTRICT; COUNTY OF FRESNO;    )
    CITY OF FRESNO; CLARDY LEE     )
21  MULLIN, JR.; DOES 1 through 500, )
    inclusive,                     )
22                                 )
                Defendants.        )
23  _____ )

24

25  TO THIS HONORABLE COURT:

26          COMES NOW the Plaintiff, Georgina Shantell Thomas, and presents this Ex

27  Parte Request for an Order For Service of Summons and Complaint by Publication as to

28
                                   1
    _____
    EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS

1   defendant Clardy Lee Mullin, Jr..   This application is made on the grounds that this

2   defendant is a necessary party to this action but cannot with reasonable diligence be

3   found and served in any other manner specified in California Code of Civil Procedure

4   §§415.10 through 415.30.

5          This application is based upon Rule 4(e) of the Federal Rules of Evidence and

6   California Code of Civil Procedure §415.50, the attached Memorandum of Points and

7   Authorities, the declaration of Thomas F. Borcher, the declaration of Harold B. Thomas,

8   and the files and records in this action.

9          Prior to the submission of the Ex Parte Motion, Plaintiff's counsel contacted

10  counsel for all parties in this action by telephone and advised them of Plaintiff's intention

11  to present this Ex Parte request and has faxed a copy of this motion on all parties

12  concurrently with the filing of the motion.    Based on those contacts, Plaintiff has

13  determined that there is no opposition to this request.

14         Wherefore, Plaintiff requests the Court issue an Order permitting Plaintiff to serve

15  defendant Clardy Lee Mullin, Jr. by publication.

16

17  Dated:  September 26, 2006                    JACOBS, JACOBS & EISFELDER, LLP

18

19                                               By: /s/ Thomas F. Borcher

20                                               THOMAS F. BORCHER
                                                 Attorneys for Plaintiff
21                                               Georgina Shantell Thomas

22

23

24  5:\clients\Thomas\Publication Application.wpd

25

26

27

28

EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS

## DECLARATION OF THOMAS F. BORCHER IN SUPPORT

## OF EX PARTE REQUEST FOR SERVICE BY PUBLICATION

I, THOMAS F. BORCHER, declare:

1.      I am an attorney licensed to practice law before all of the courts in the State of California.  I am an associate attorney in the law office of Jacobs, Jacobs and Eisfelder and one of the attorneys for plaintiff Georgina Shantell Thomas.  I have personal knowledge of all the facts set forth herein.  If called and sworn as a witness, I could and would competently testify to the following.

2.      Plaintiff's complaint in this action was filed on October 14, 2005 and contains one cause of action for wrongful death. Plaintiff Georgina Shantell Thomas is the mother of the deceased Deondrae Marcquise Mullin, whose wrongful death is the basis of this action.   This Declarant is informed and believes, and thereon states, that Clardy Lee Mullin, Jr., is the father of the deceased Deondrae Marcquise Mullin.  (A true and correct copy of the death certificate of Deondrae Marcquise Mullin is attached to this Motion as Exhibit "A" on which it is indicated that Clardy Lee Mullin, Jr. was the decedent's father.)

3.      Prior to the filing of this action, Plaintiff was unable to determine whether or not the decedent's father, Clardy Lee Mullin Jr., wanted to make a claim for the wrongful death of his son.  Therefore, the decedent's father was made a defendant to the action in order to protect both Plaintiff's and the father's rights and interests.

4.      The last known address for Mr. Mullin, Jr, was obtained from plaintiff Georgina Shantell Thomas.  This Declarant provided that address to Harold B. Thomas an investigator with the firm of Oliver, Thomas and Caeton Investigations in Fresno, California for the purpose of locating and serving defendant with the summons and complaint in this action.  Mr. Thomas informed this Declarant that Mr. Mullin no longer resided at the address provided by the Plaintiff as defendant Mullin's last known address.  This Declarant then requested Mr. Thomas to make all reasonable efforts to determine

3

1 | and locate the whereabouts of Mr. Mullin.  Mr. Thomas' extensive efforts to locate and
2 | serve of Mr. Mullin are detailed in the Declaration of Harold B. Thomas which
3 | accompanies this Motion.

4 |      5.     Despite all of the reasonable efforts and diligence, we have been unable to
5 | locate defendant Clardy Lee Mullin Jr., within or outside the State of California.

6 |      6.     To the best of this Declarant's knowledge, no person, firm, or entity other
7 | than as mentioned in the Declaration of Howard B. Thomas knows, or is likely to know,
8 | the whereabouts of said Defendant, and there is no other source known to Plaintiff from
9 | which the Defendant's whereabouts can be ascertained.

10 |      7.     The Fresno Bee has been determined to be a newspaper of general
11 | circulation, published in California.  This Declarant is informed and believes that
12 | publication of the summons in said newspaper is most likely to give actual notice to
13 | defendant Clardy Lee Mullin, Jr. of the pendency of this action, because Defendant's last
14 | known address was in the city and county in which this newspaper is published and
15 | Defendant is most likely to have acquaintances in this city or county having most recently
16 | lived in this area.

17 |      8.     Prior to the filing of this Motion, this Declarant spoke personally by
18 | telephone with Leora Ragones, counsel for BNSF and the National Railroad Passenger
19 | Corporation (Amtrak), and with David Overstreet, counsel for the City of Fresno and for
20 | the State Center Community College District.  Both counsel advised that their clients
21 | would not oppose this motion.

22 |      I declare under the penalty of perjury under the laws of the State of California that
23 | the foregoing is true and correct.

24 |      Executed this the <u>25th</u> day of September, 2006 at Los Angeles, California.

25 |                   <u>/s/ Thomas F. Borcher</u>
26 |                   Thomas F. Borcher

27 | Stanley K. Jacobs, Esq., SBN 30363
   | Thomas F. Borcher, Esq., SBN 110255

28 |

**EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS**

1  JACOBS, JACOBS & EISFELDER, LLP
   11755 Wilshire Boulevard, Suite 2150
2  Los Angeles, California 90025
   Telephone:  (310) 473-9211/(310) 820-4500
3  Fax:  (310) 473-6811/(310) 826-0683

4  Attorneys for Plaintiff
   GEORGINA SHANTELL THOMAS

5

6

7                    UNITED STATES DISTRICT COURT

8          EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

9

10 GEORGINA SHANTELL THOMAS,      )   CASE NO. 1:05-CV-01444 OWW
                                  )   DLB
11              Plaintiff,        )
                                  )   Judge:  Oliver W. Wanger
12 vs.                            )   Dept.: 1
                                  )
13 BURLINGTON NORTHERN SANTA      )   DECLARATION OF PLAINTIFF'S
   FE CORPORATION; BURLINGTON     )   INVESTIGATOR HAROLD B.
14 NORTHERN AND SANTA FE          )   THOMAS
   RAILWAY COMPANY; BNSF          )
15 RAILWAY COMPANY; NATIONAL      )
   RAILROAD PASSENGER             )
16 CORPORATION (AMTRAK); ERNEST   )
   MARTINEZ; STATE OF             )
17 CALIFORNIA, DEPARTMENT OF      )
   TRANSPORTATION, CALTRANS;      )
18 FRESNO CITY COLLEGE; STATE     )
   CENTER COMMUNITY COLLEGE       )
19 DISTRICT; COUNTY OF FRESNO;    )
   CITY OF FRESNO; CLARDY LEE     )
20 MULLIN, JR.; DOES 1 through 500, )
   inclusive,                     )
21                                )
                Defendants.       )
22 _____ )

23

24          I, HAROLD B. THOMAS declare:

25          1.      I am an investigator with the firm of  Oliver, Thomas & Caeton

26 Investigations located in Fresno, California.  I have personal knowledge of all the facts

27 set forth herein. If called and sworn as a witness, I could and would competently testify to

28
                                    5
   EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS

1    the following.

2        2.      At the request of Plaintiff's counsel, Thomas F. Borcher, I attempted to

3    locate Defendant Clardy Lee Mullin, Jr., father of the decedent.  This Declaration sets

4    forth the efforts I made to locate this individual.

5        3.      His last known address which was furnished by attorney Thomas F.

6    Borcher, was 103 N. Fulton, Apt. 112, Fresno. This is a small, two-level apartment

7    complex located in a very low income area at the edge of downtown Fresno. Apartment

8    112 was vacant. The manager reported that Mr. Mullin had been evicted and had possibly

9    been involved in drugs.

10       4.      Record searches furnished additional addresses:

11              (1)     1317 E. Florence Avenue, Fresno is in a redevelopment project

12   consisting of many duplex-style units. The manager of the property had no record of Mr.

13   Mullin having lived there nor did he currently occupy the unit;

14              (2)     1275 N. 9th St., Fresno is also a small two-level, low-income

15   complex. Mr. Mullin was not known at this location;

16              (3)     5655 E. Huntington Avenue, Fresno is a large, two-level apartment

17   complex with an onsite manager who had no record of Mr. Mullin;

18              (4)     The manager at the 103 N. Fulton address informed me Mr. Mullin's

19   "significant other" at the time he was evicted was Jennifer Mack. Thus, a data search of

20   her name provided several addresses.  I went to four of the addresses, three of which

21   were, essentially, in the same general area. Occupants at those locations were not familiar

22   with her name nor that of Mr. Mullin.

23              (5)     Another record search provided information that Clardy Mullin was

24   living at 2279 S. Poppy Avenue, Fresno when a traffic citation was issued.  The

25   residence, itself, is reasonably well maintained. I have been to this location twice and on

26   both occasions the fence gate has been padlocked with a van parked inside. Even though

27   the lawn sprinkler was operating, no one would respond to efforts to make contact. A

28

6

EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS

neighbor informed me police respond to this residence occasionally. The citation

indicated the vehicle Mr. Mullin was operating was registered to Fidel Ayala, 399 W.

Manning Avenue, a rural residence. My first visit resulted in meeting Mrs. Ayala who

spoke only Spanish. I made telephone contact with an interpreter while there who

communicated with Mrs. Ayala for me. She was unable to provide any information

regarding Mr. Mullin, but I arranged for the interpreter to contact Mr. Ayala that evening.

He informed the interpreter that he knew a Ray Mullin and would secure his telephone

number and call her. Mr. Ayala later told her he couldn't locate the paperwork with

Mullin's address.

     5.    I subsequently met with Mr. and Mrs. Ayala at their residence. When I

confronted Mr. Ayala with the information that Mr. Mullin received a citation while

driving a vehicle registered to Mr. Ayala, he explained that he parked his 1991 Mazda (in

the general area of the Poppy Avenue address) with a for sale sign. A person wrote him a

bad check. The vehicle was later found totaled and he left it with the police.

     6.    Record searches have included a Social Security Search, Traffic, Small

Claims, Superior and Criminal court records which did not result in any information on

this subject.

     7.    In addition, I visited the Fresno Rescue Mission, 310 G St., Fresno, and a

rehabilitation facility known as Poverello House, 412 F St., Fresno.  Mr. Mullin was not

known and neither location maintained a record of those who passed through their doors.

     8.    I have now exhausted all avenues that can be reasonably taken to locate

Clardy Lee Mullin, Jr. in my opinion.

        I declare under penalty of perjury under the laws of the State of California

that the forgoing is true and correct.

        Executed this 11th day of September, 2006, at Los Angeles  California.

7

EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS

1

/s/ Harold B. Thomas
Howard B. Thomas

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION FOR SERVICE BY PUBLICATION

## 1.  SERVICE BY PUBLICATION IS AUTHORIZED WHERE
## THE DEFENDANT CANNOT BE SERVED WITH
## REASONABLE DILIGENCE BY ANY OTHER METHOD

Federal Rule of Civil Procedure Rule 4(e) provides that unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located, or in which service is effected.

Pursuant to California Code of Civil Procedure §415.50, if a defendant may not be served with reasonable diligence by any other method, Plaintiff may apply to the court for an order authorizing service by publication.  For the court to order service by publication it must appear to the court's satisfaction that the party to be served cannot be served with reasonable diligence in another manner, that a cause of action exists and that the party upon whom service is to be made is a necessary or proper party to the action. [California Code of Civil Procedure §415.50(a).]

## 2.  THE COURT SHOULD AUTHORIZE SERVICE OF THE
## SUMMONS ON THE DEFENDANT BY PUBLICATION AS
## THE DEFENDANT CANNOT BE SERVED IN ANY OTHER MANNER

A plaintiff  has exercised reasonable diligence when, in good faith, a thorough, systematic investigation and inquiry to determine a defendant's whereabouts has been conducted and plaintiff has been unable to locate the defendant.  *Vorburg vs. Vorburg*

9

1   (1941) 18 Cal.2d 794.

2         Plaintiff herein hired Harold B. Thomas, an investigator with the firm of Oliver,

3   Thomas & Caeton Investigations in Fresno, California to locate the Defendant so that

4   Plaintiff could personally serve Defendant Mullin with the summons and complaint.  The

5   Court is directed to the Declarations of both Plaintiff's counsel Thomas F. Borcher and

6   the investigator, Harold B. Thomas which set forth the efforts made to locate Mr. Mullin.

7         Plaintiff has made every effort possible to locate Defendant in order to personally

8   serve him with the summons and complaint.  However, Plaintiff's efforts at locating

9   Defendant have been unsuccessful.  Not only has Plaintiff's investigator conducted

10  record searches, but he has also visited all addresses that could be obtained for

11  Defendant, spoken with management as well as others at these locations, contacted the

12  registered owner of a car driven by Defendant, and visited a rescue mission and

13  rehabilitation facility.  Thus, Plaintiff's actions more than meet the requirements

14  established by California Code of Civil Procedure §415.50 for service by publication

15  where a defendant can not be served with reasonable diligence by any other authorized

16  method of service.

17

18             **3.  DEFENDANT MULLIN IS A NECESSARY AND**

19                      **PROPER PARTY TO THIS ACTION**

20

21         This is an action for wrongful death.  The decedent, Deondrae Marcquise Mullin,

22  died without surviving issue as he had no children.  Pursuant to California Code of Civil

23  Procedure §377.60, the mother and father of the decedent would, by reason of intestate

24  succession, jointly have a right to bring this wrongful death action. [(Per California

25  Probate Code Section 6402(b)]  If the mother,  Plaintiff Georgina Shantell Thomas,

26  proceeds with the action *without* joining the father, Clardy Lee Mullin, Jr., and obtains a

27  recovery by either verdict or settlement, Mr. Mullin, Jr. would have the right to proceed

28

EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS

1  against the Plaintiff for the damages that he was entitled to recover as the decedent's

2  father. [*Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 809.]

3      California Code of Civil Procedure §382 provides:

4          If the consent of any one who should have been joined as

5          plaintiff cannot be obtained, he may be made a defendant, the

6          reason thereof being stated in the complaint; . . .

7      Plaintiff did exactly that: She named Clardy Lee Mullin, Jr. as a Defendant in

8  order to protect both his and her interests.  However, neither the Plaintiff nor Plaintiff's

9  counsel have been able to locate Defendant Mullin's whereabouts and thus, unable to

10  serve him with the summons and complaint to date.

11      The court may order service by publication if it appears to the court that the

12  defendant is a necessary or proper party to the action. [California Code of Civil

13  Procedure §415.50(a)(1).]

14

15  **4.  CONCLUSION**

16

17      Based on the foregoing, Plaintiff meets the criteria under California Code of Civil

18  Procedure §415.50 for an order for service of summons by publication.  Therefore,

19  Plaintiff requests this Honorable Court issue an Order directing the service of summons

20  upon defendant Clardy Lee Mullin Jr., by publication in the Fresno Bee, a newspaper of

21  general circulation in the county of Fresno in the State of California.

22    Dated:  September 26, 2006        JACOBS, JACOBS & EISFELDER, LLP

23

24                      By:  /s/ Thomas F. Borcher
                    THOMAS F. BORCHER

25                      Attorneys for Plaintiff
                    Georgina Shantell Thomas

26

27                      ORDER

28

EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS

1    This Court has read and considered the application of plaintiff Georgina Shantell

2    Thomas for an order directing service of the summons on defendant Clardy Lee Mullin,

3    Jr., by publication, and the evidence presented in support of the application, and it

4    appears to the satisfaction of the court that defendant Clardy Lee Mullin, Jr., cannot be

5    served with reasonable diligence in any other manner set forth in Code of Civil

6    Procedure §§ 415.10 through 415.30.  The Court also finds that Plaintiff has stated facts

7    sufficient to show that defendant Clardy Lee Mullin, Jr., is a necessary or proper party to

8    this action.

9    THEREFORE, IT IS ORDERED that:

10   Service of the summons in this action on the defendant Clardy Lee Mullin, Jr.,

11   shall be accomplished by publication in the Fresno Bee, a newspaper published in the

12   State of California, and determined by this Court as the newspaper most likely to give

13   actual notice to the defendant.

14   The publication shall be made once a week for four weeks.

15   If defendant's address is ascertained prior to the expiration of the time prescribed

16   for publication of the summons, a copy of the summons and complaint and of the order

17   for publication shall immediately be mailed to defendant.

18   This order does not preclude service upon defendant Clardy Lee Mullins, Jr., in

19   any other manner specified in Code of Civil Procedure §§ 415.10 through 415.30, which

20   service supersedes the service by publication.

21   IT IS SO ORDERED.

22   **Dated:    September 26, 2006          /s/ Oliver W. Wanger**

23   emm0d6                                UNITED STATES DISTRICT JUDGE

24

25

26

27

28

EX PARTE APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS